[Civ. No. 18018. Second Dist., Div. One. July 3, 1951.]

CAROLYN E. CRAWFORD, Respondent, v. R. C. ELLIS, Appellant.

C. A. Pinkham for Appellant.

Dulaney W. Palmer for Respondent.

DRAPEAU, J.—Plaintiff sued to recover for personal injuries and property damage sustained in a collision between her Buick coupé and defendant's automobile.

The accident occurred at the intersection of Western Avenue and Exposition Boulevard in the city of Los Angeles, at 11:30 a. m. of April 11, 1949—a nice, clear day.

Western Avenue is 60 feet wide; runs north and south. Exposition Boulevard extends east and west, and is divided into two roadways 30 feet wide lying on either side of a railroad right of way which is 38 feet in width. The north half of Exposition is white-lined for three lanes of westbound traffic; the south half carries eastbound cars.

This intersection is controlled by semaphore signal lights alternating red and green.

Plaintiff was driving west in the center lane of the north half of Exposition Boulevard approaching Western Avenue. When she was half a block east of the intersection, the signal light was red. She slowed down. When she was about four car lengths from the corner, the signal changed to green. There was no traffic immediately in front of her, but two westbound cars were standing at the corner waiting for the signal to change, i. e., one car in each lane adjacent to the center lane in which plaintiff was driving.

Traveling about 15 miles per hour, plaintiff passed between the two stopped cars and started into the intersection. As she did so, she looked up and saw defendant's car coming north on Western Avenue. She testified that it was then "south of the tracks," to wit: the 38-foot railway right of way. Whereupon, plaintiff "stepped on the gas and tried to get out of the way." She was unsuccessful. The front of defendant's car struck the Buick back of the lefthand door. In the impact, plaintiff's car was turned around and rolled into the next block before coming to rest at the northwest corner of the intersection.

Defendant was driving north on Western Avenue in the lane close to the right-hand curb. As he approached Exposition Boulevard, his speed was about 20 miles per hour. When he was 6 feet from the intersection, the signal light on the southeast corner turned to green. As he entered the intersection he saw the two stopped cars in the north half of Exposition Boulevard, but saw no moving traffic. He "pulled into the intersection and started to drive right on through." When he first saw plaintiff's car, it was "right in front" of him, about 4 feet away. He applied his brakes, and the impact of the collision stopped his car.

The trial court interrogated defendant as follows: "The Court: Did you keep your eye on the signal? The Witness: On the signal, yes, sir. The Court: What was it when you entered the other intersection, there, on the other half of the street, did you notice? The Witness: No, I didn't notice. The Court: You might have been driving through a red signal at that spot. Q. By Mr. Palmer: The last signal that you observed was the one down at the southeast corner, is that it? A. Yes, sir."

Plaintiff testified that she had a conversation with defendant shortly after the accident at which time he stated that "he was in too much of a hurry that morning . . . he said he was at fault and would take care of all the expenses;

take care of the costs.'' Later the same day defendant called at plaintiff's home and said ''he didn't want to report the accident, because he had had one the first of the year . . . he repeated that he was going along there and was in quite a hurry that morning, but he felt he was to blame and didn't want me to be out any expense on the doctor bill or anything.''

Defendant denied that he made any of these statements.

Plaintiff presented evidence of the injuries and damages sustained by her. The court found that defendant operated his automobile in a negligent, careless and unlawful manner, and that there was no contributory negligence by plaintiff.

From a judgment in plaintiff's favor for $897, defendant appeals.

It is here urged that the evidence fails to disclose any negligent act of appellant; that respondent's testimony shows negligence as a matter of law; therefore, appellant's motions for nonsuit and a new trial should have been granted.

Appellant contends that he was lawfully within the intersection because the signal on the southeast corner was in his favor when he started across; and that respondent should have yielded the right of way to him, pursuant to section 476 (a) 1, of the Vehicle Code. That section provides that vehicular traffic facing a ''Green'' or ''Go'' signal shall proceed straight through, or may turn right or left. ''But vehicular traffic, including vehicles turning right or left, shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited.''

Accordingly, ''When entering signal-controlled intersections on the 'go' signal the entrant should look to see if cross traffic which has lawfully entered the intersection has cleared it. (*Freeman* v. *Churchill*, 30 Cal.2d 453, 459 [183 P.2d 4].)

Here there was testimony that both parties entered the intersection on a green or ''go'' signal. Contrasted with this is the evidence of appellant's admission of blame for the collision, because he was in too much of a hurry.

In the circumstances, negligence and contributory negligence became questions of fact addressed to the trial judge. His findings against appellant on these issues find support in the record. This situation does not warrant the substitution of this court's views for those of the trier of fact.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.